NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 2 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARCUS SHARIF MCNEAL,

Petitioner - Appellant,

v.

RONALD OLIVER; ATTORNEY
GENERAL OF THE STATE OF
NEVADA,

Respondents - Appellees.

No. 24-474

D.C. No.
2:16-cv-01618-JAD-EJY

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted March 6, 2025
Las Vegas, Nevada

Before: RAWLINSON, MILLER, and DESAI, Circuit Judges.
Dissent by Judge DESAI.

Marcus Sharif McNeal (McNeal) appeals the district court's denial of his

petition for a writ of habeas corpus. We review de novo the district court's denial

of McNeal's habeas petition. *Anderson v. Gipson*, 902 F.3d 1126, 1133 (9th Cir.

2018). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**1.** McNeal argues that trial counsel's untimely challenge under *Batson v. Kentucky,* 476 U.S. 79 (1986) to the state's preemptory strikes of jurors 102 and 118 constituted ineffective assistance of counsel. Despite the untimeliness of trial counsel's *Batson* motion, the trial court resolved the *Batson* challenge on the merits, and found no *Batson* violation because the State's strikes were "neutral based," and there was no "systemic exclusion of African Americans in this particular case." Therefore, regardless of whether trial counsel's failure to raise the *Batson* claim earlier constituted deficient performance, McNeal suffered no prejudice because it is clear that the district court would have rejected the claim even if it had been raised earlier. *See Strickland v. Washington*, 466 U.S. 668, 691 (1984).

**2.** McNeal contends that the Nevada Court of Appeals unreasonably determined the facts and unreasonably applied *Strickland* when it concluded that trial counsel's failure to object to the prosecutor's reference to the anonymous note was not deficient and did not result in prejudice. McNeal specifically argues that this determination ignored the prosecutor's mischaracterization of the anonymous note during opening statements. We disagree.

Even under de novo review, McNeal cannot show that trial counsel's decision not to move in limine to exclude all references to the note was deficient. Defense counsel originally planned to introduce the note into evidence, to show the

2                                                                                              24-474

weakness of the police's investigation—a strategy that would have been undermined by a pre-trial motion to exclude all reference to the note.

McNeal's claim that trial counsel should have objected to the prosecutor's reference to the note during opening statements fails because he cannot show prejudice under *Strickland*. *See* 466 U.S. at 691. The prosecutor's opening statements are not evidence, and the jury was so instructed. The contents of the note were also never introduced into evidence, so the jury could not have reached its verdict because of the note. *Strickland* requires deference to counsel's strategic choices such as this. *See id*. at 690.

**3.** McNeal argues that no reasonable reading of the anonymous note supports a statement that the note identified McNeal as the shooter, or that he was looking to shoot someone. Thus, the prosecutor's mischaracterization of the note during opening statements was misconduct that rendered the trial constitutionally unfair. We review this claim de novo because there is no reasoned state court decision resolving it. See *Stevens v. Davis*, 25 F.4th 1141, 1165 (9th Cir. 2022). Because the note did not "clearly play[] a vital part in the case for the prosecution," *Miller v Pate*, 386 U.S. 1, 4 (1967), the prosecutor's mischaracterization of it did not "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). As explained, the contents of the note were never entered into evidence. The judge

also instructed the jurors that they could not consider evidence that was not entered into the record, and that statements of counsel were not evidence. Finally, given the limited use of the note to develop Detective Marc Colon's testimony, the record does not support a conclusion that the trial was constitutionally unfair. *See Floyd v. Filson*, 949 F.3d 1128, 1150 (9th Cir. 2020), *as amended*.

**4.** McNeal asserts that the state's use of the note violated his rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution. However, the Confrontation Clause is not implicated under the facts of this case because the note was not used to establish the truth of the contents of the note. *See United States v. Wahchumwah*, 710 F.3d 862, 871 (9th Cir. 2013) (holding that the Confrontation Clause applies only to testimonial hearsay used to establish the truth of a matter); *see also Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004). Rather, the note was used solely to explain Detective Colon's investigatory actions, a non-hearsay use. *See id.* The information from the note was not entered into evidence, and the court expressly limited the state's line of questioning to how the note assisted officers in developing the photo lineup. *See id.*

**5.** Because we have determined that the state court committed no errors, no cumulative error analysis is warranted. *See United States v. Begay*, 673 F.3d 1038, 1047 (9th Cir. 2011).

24-474

**6.** Our colleague in dissent would grant relief on McNeal's ineffective assistance of counsel claim. Respectfully, our colleague's analysis is at odds with the deference owed to counsel's strategic decisions under *Strickland*. *See* 466 U.S. at 689 (emphasizing that "[j]udicial scrutiny of counsel's performance must be highly deferential"). In addition, we do not agree that McNeal made a sufficient showing of prejudice. We specifically note that the victim identified McNeal as the individual who shot him, so the state's case against McNeal was not weak. Although the dissent characterizes the victim's testimony as "far from unassailable," the jury obviously credited his testimony in convicting McNeal. Finally, the dissent's speculation about the effect of the prosecutor's remarks on the jurors is unavailing in view of the instruction that statements from the lawyers are not evidence, which jurors are presumed to follow. *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000) (explaining that "[a] jury is presumed to follow its instructions" and "presumed to understand a judge's answer to its questions.")

**AFFIRMED.**



*Marcus Sharif McNeal v. Oliver*, Case No. 24-474

DESAI, Circuit Judge, dissenting:

A defendant has a constitutional right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Marcus Sharif McNeal was deprived of this right when his trial counsel failed to object to the prosecutor's gross mischaracterization of the evidence during the state's opening statement. Because I would grant McNeal's petition for habeas corpus under 28 U.S.C § 2254, I respectfully dissent.

Under *Strickland*, McNeal demonstrates that counsel provided ineffective assistance and that it is "reasonably likely" the result at trial would have been different had counsel performed effectively.[1] 466 U.S. at 696; *see also Harrington v. Richter*, 562 U.S. 86, 111 (2011). First, failing to object to a prosecutor's remarks that are "egregious misstatements" or "fabricated from whole cloth" is objectively deficient assistance of counsel. *See Zapata v. Vasquez*, 788 F.3d 1106, 1115 (9th Cir. 2015) (citing *Cunningham v. Wong*, 704 F.3d 1143, 1159 (9th Cir. 2013)). Second, the prosecutor's unchallenged remarks prejudiced McNeal and had a substantial

---

[1] McNeal is entitled to de novo review of this claim because the Nevada Court of Appeals decision rejecting this ineffective assistance of counsel claim was based on an unreasonable determination of facts and unreasonable application of federal law. *See Marks v. Davis*, 106 F.4th 941, 950 (9th Cir. 2024).

1

effect on the outcome at trial. *See Ocampo v. Vail*, 649 F.3d 1098, 1114–17 (9th Cir. 2011).

During the opening statement at trial, the prosecutor told jurors that someone left an anonymous note at the scene of the shooting, "[a]nd in that note that individual said Rock was responsible for shooting — or that they heard that Rock was looking to shoot someone." The anonymous note said no such thing.[2] While the note referenced McNeal's moniker, "Rock," it did not discuss a shooting, nor did it connect McNeal to the victim of the shooting for which he was charged. The prosecutor thus grossly mischaracterized the contents of the anonymous note to the jury, but McNeal's trial counsel neither objected to the mischaracterization nor attempted to correct the record. This constitutes deficient assistance of counsel. *See Zapata*, 788 F.3d at 1115.

The majority argues there was no prejudice because a prosecutor's opening statement is not evidence. But here, the record shows that the prosecutor's remarks influenced the jury. During deliberation, the jury asked several questions, which the trial court attempted to answer:

---

[2] The anonymous note stated: "Word on the block is that a Black guy who goes by 'Rock' was out to get two Hispanics for ripping him off of money/dope. He was after a Hispanic male . . . named 'Luis' and a younger Hispanic . . . female . . . . 'Rock' is a black male, 22-30 yrs old? (Guesstimate) medium height and build, darker skinned with short/not bald dark curly hair."

> Regarding the anonymous note to the police naming the "Rock" as the shooter:
>
> 1. Is it entered as evidence?
>
>> Answer: No.
>
> 2. The detective referred to it - can we consider it?
>
>> Answer: The jury is free to consider any and all testimony presented at trial. . . .
>
> 4. Can you clarify how the detectives were led to the name "Rock" as the shooter?
>
>> Answer: No, the court is not at liberty to supplement the evidence.

As implied by the jury's questions, the prosecutor's remarks during the opening statement caused the jury to believe that "detectives were led to the name 'Rock' as the shooter." And the failure to object by McNeal's counsel resulted in the jury's reliance on the prosecutor's improper statements.

To be sure, if there was other evidence supporting McNeal's guilt, trial counsel's failure to object to the prosecutor's remarks might be harmless. *See United States v. Sanchez*, 659 F.3d 1252, 1260 (9th Cir. 2011). But that is not the case here. There was no physical evidence linking McNeal to the shooting. Moreover, the victim was the only eyewitness, and his testimony was far from unassailable. *See Zapata*, 788 F.3d at 1122 (holding that the "likelihood the jury's decision was influenced by the prosecutor's egregious and inflammatory closing argument" was "heightened" because the evidence against the defendant "was weak, and the eyewitness and circumstantial evidence was far from overwhelming").

3

What is more, the trial court did not provide specific limiting instructions, which may have rendered the prosecutor's mischaracterizations nonprejudicial. *See, e.g.*, *Donnelly v. DeChristoforo*, 416 U.S. 637, 645 (1974) (noting that the trial court "took special pains to correct any impression that the jury could consider the prosecutor's statements as evidence," such as by "direct[ing] the jury's attention to the remark particularly challenged here, declar[ing] it to be unsupported, and admonish[ing] the jury to ignore it"); *Cheney v. Washington*, 614 F.3d 987, 997 (9th Cir. 2010). To the contrary, rather than admonish the jury to disregard the prosecutor's mischaracterization of the note in response to the jury's questions during deliberations, the trial court advised the jury that it "is free to consider any and all testimony presented at trial." *See Zapata*, 788 F.3d at 1123 (holding that "although the jury was generally instructed that 'statements made by the attorneys during the trial are not evidence,'" the fact that "the jury was never specifically instructed to disregard" the prosecutor's improper comments weighed in favor of prejudice).

Thus, considering the weakness in the prosecution's case and the jury's evident reliance on the prosecutor's mischaracterization, it is reasonably likely that the outcome at trial would have been different had McNeal's trial counsel objected

4

to the prosecutor's remarks. *See Harrington*, 562 U.S. at 111. I would therefore grant relief on this ground.[3]

---

[3]      Because I would grant McNeal relief on his ineffective assistance of counsel claim, there is no need to reach his other claims.